# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT ANDRE CAMPBELL, | No. 4:26-CV-00510 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JUDICIAL CONDUCT BOARD OF PENNSYLVANIA, *et al.*, | |
| Defendants. | |

## **ORDER**

**APRIL 8, 2026**

On March 2, 2026, plaintiff Dwight Andrew Campbell, a serial *pro se* litigant, lodged the instant Section 1983[1] action in this Court, suing the Judicial Conduct Board of Pennsylvania and Blair County Court of Common Pleas Judge Jackie A. Bernard.[2]  That same day, the Court issued its standard Administrative Order, directing Campbell to either pay the $405 filing fee or file a properly completed application to proceed *in forma pauperis* (IFP) and certified prisoner trust fund account statement for the preceding six months.[3]  A blank IFP application was provided.[4]

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See generally* Doc. 1.

[3]   *See* Doc. 3.

[4]   *See* Doc. 3-1.

Instead of complying with the Administrative Order, Campbell filed a single-page letter, stating that he had filed a "motion to move, tran[s]fer the matter from the Western District" (presumably of Pennsylvania) to the Middle District.[5] It appears that the instant case is a duplicate of a case that Campbell filed in the United States District Court for the Western District of Pennsylvania.[6]  That case is still pending in the Western District.

This Court cannot entertain a motion to transfer a case from the Western District of Pennsylvania.  Such a motion must be directed to, and decided by, that court.  Campbell, if he does not wish to pay the entire filing fee or installment fees under the PLRA for this case, may alternatively choose to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) by filing a notice of dismissal.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1.  Within **14 days** from the date of this Order, Campbell must either (1) pay the $405 filing fee; (2) submit a properly completed application to proceed *in forma pauperis* and a certified copy of his prisoner trust fund account statement for the preceding six months; or (3) voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i) by filing a notice of dismissal.

---

[5]  Doc. 4.

[6]  *See Campbell v. Judicial Conduct Bd. of Pa.*, No. 3:25-cv-00127, Doc. 1 (W.D. Pa. Jan. 7, 2025).

2.      If Campbell fails to appropriately respond to this Order within the time limit provided above, the Court will dismiss this case without prejudice.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

3